# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DIVISION OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., <br> Plaintiffs, <br> v. <br> KIK INTERACTIVE, INC. <br> Defendant. | ) ) ) ) ) ) ) ) ) | Case No. 2:17-cv-346-JRG **LEAD CASE** |
| KIK INTERACTIVE, INC. <br> Defendant. | ) ) ) ) | Case No. 2:17-cv-347-JRG |
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., <br> Plaintiffs, <br> v. <br> KIK INTERACTIVE, INC. <br> Defendant. | ) ) ) ) ) ) ) ) ) | Case No. 2:17-cv-481-JRG **LEAD CASE** |
| KIK INTERACTIVE, INC. <br> Defendant. | ) ) | Case No. 2:17-cv-483-JRG |

**MOTION TO STAY PENDING *INTER PARTES* REVIEW**

Defendant Kik Interactive, Inc. ("Kik") respectfully requests that the Court stay the consolidated -346 and -481 cases in their entirety and vacate all deadlines, pending resolution of eight *inter partes* reviews ("IPR") instituted by the Patent and Trial Appeal Board ("PTAB") and in light of 21 other IPR petitions which are awaiting an institution decision from the PTAB.

This Court has granted stays in other consolidated actions involving the same six patents at issue here. *See Uniloc USA, Inc. v. Samsung Electronics Am., Inc.*, 2:16-cv-642-JRG, Dkt. No. 268 (E.D. Tex. June 13, 2017); *Uniloc USA, Inc. v. Avaya,* 6:15-cv-01168-JRG, Dkt. No. 231 (E.D. Tex. June 13, 2017). In doing so, the court stated:

> [T]he patent claims have not yet been construed by the Court, and
> discovery is not yet complete. Moreover, even if the PTAB does
> not invalidate every claim on which it has instituted IPR, there is a
> significant likelihood that the outcome of the IPR proceedings will
> streamline the scope of this case to an appreciable extent.

*Samsung*, 2:16-cv-642-JRG, Dkt. No. 268 at 2-3. The Court's rationale in *Samsung* is equally applicable to the present consolidated actions.

Because a stay has the potential to avoid or streamline discovery efforts, expert reports, a *Markman* determination, and pretrial work while allowing the PTAB to resolve validity issues without risking conflicting rulings, Kik respectfully requests that the Court grant a stay pending resolution of the instituted and filed IPRs.

## BACKGROUND

Uniloc accuses Kik of infringing U.S. Patent Nos. 7,853,000 (the "'000 patent"); 8,571,194 (the "'194 patent"); 7,535,890 (the "'890 patent"); 8,199,747 (the "'747 patent"); 8,724,622 (the "'622 patent"); and 8,995,433 (the "'433 patent"). The '890, '747, '622, and '433 patents are all continuations of the '890 patent. The '000 patent is a continuation of U.S. Patent No. 7,804,948, and the '194 patent is a continuation of the '000 patent. The '890, '747, '622, and '433 patents were asserted in the stayed *Samsung* cases.

The PTAB has instituted ten IPRs on the following claims from the '890, '433, and '194 patents.

| ASSERTED PATENT | IPR | INSTITUTED CLAIMS | GROUNDS |
|---|---|---|---|
| '890 Patent | IPR2017-00221 | 1-6, 14, 15, 17-20, 28, 29, 31-34, 40-43, 51-54, 62-65, 68 | 35 U.S.C. § 103(a) |
| '890 Patent | IPR2017-1612 | 1-6, 14, 15, 17-20, 28, 29, 31-34, 40-43, 51-54, 62-65 | 35 U.S.C. § 103(a) |
| '890 Patent | IPR2017-01636 | 1-6, 14, 15, 17-20, 28, 29, 31-34, 40-34, 51-54, 62-65, 68 | 35 U.S.C. § 103(a) |

| ASSERTED PATENT | IPR | CHALLENGED CLAIMS | |
|---|---|---|---|
| '433 Patent | IPR2017-00225 | 1-6, 8 | 35 U.S.C. § 103(a) |
| '433 Patent | IPR2017-01611 | 1-3, 5, 6, 8 | 35 U.S.C. § 103(a) |
| '433 Patent | IPR2017-01634 | 1-6, 8 | 35 U.S.C. § 103(a) |
| '433 Patent | IPR2017-01427 | 1-8 | 35 U.S.C. § 103(a) |
| '433 Patent | IPR2017-01428 | 9-12, 14-17, 25, 26 | 35 U.S.C. § 103(a) |
| '194 Patent | IPR2016-01756 | 1, 3-6, 8-11, 13-15 | 35 U.S.C. § 103(a) |
| '194 Patent | IPR2017-00597 | 1-5 | 35 U.S.C. § 103(a) |

The PTAB's final written decision on these ten IPRs must issue within one year of institution – June 26, 2018.

In addition, the following 21 IPRs are awaiting institution decision.

| ASSERTED PATENT | IPR | CHALLENGED CLAIMS | FILING DATE |
|---|---|---|---|
| '747 Patent | IPR2017-01799 | 1-3, 12, 13 | 7/20/2017 |
| '747 Patent | IPR2017-02085 | 1-15 | 9/11/2017 |
| '433 Patent | IPR2017-01801 | 1-5, 7-12, 14-17, 25, 26 | 7/20/2017 |
| '433 Patent | IPR2017-02088 | 9-12, 14-17, 25, 26 | 9/11/2017 |
| '433 Patent | IPR2017-02087 | 1-8 | 9/11/2017 |
| '433 Patent | IPR2017-02067 | 1-27 | 9/12/2017 |
| '890 Patent | IPR2017-01802 | 1-6, 9, 14, 15, 17-20, 23, 40-43, 51-54, 57 | 7/20/2017 |
| '890 Patent | IPR2017-02084 | 7-8, 11, 13, 21-22, 25, 27, 35-36, 38, 44-45, 48, 50, 55-56, 59, 61, 66-67, 69 | 9/11/2017 |
| '890 Patent | IPR2017-02083 | 14-20, 23-24, 26, 28-34, 37, 39, 51-54, 57-58, 60, 62-65, 68, 70 | 9/11/2017 |
| '890 Patent | IPR2017-02082 | 1-6, 9-10, 12, 14, 16-20, 23-24, 26, 40-43, 46-47, 49, 51-54, 57-58, 60 | 9/11/2017 |
| '622 Patent | IPR2017-01667 | 3, 6-8, 10, 11, 13, 14-23, 27-35, 38, 39 | 6/22/ 2017 |
| '622 Patent | IPR2017-01668 | 4, 5, 12, 24-26 | 6/22/2017 |
| '622 Patent | IPR2017-01805 | 4, 5, 12, 24-26 | 7/20/2017 |
| '622 Patent | IPR2017-01804 | 3, 6-8, 10, 11, 13, 14-23, 27-35, 38, 39 | 7/20/2017 |
| '622 Patent | IPR2017-01797 | 3, 4, 6-8, 10-13, 18, 21-23, 27, 32, 34, 35, 38, 39 | 7/20/2017 |
| '622 Patent | IPR2017-01798 | 14-17, 19, 24-26, 28- | 7/20/2017 |

3

| | | 31, 33 | |
|---|---|---|---|
| '622 Patent | IPR2017-02090 | 3, 6-8, 10, 11, 13, 14-23, 27-35, 38, 39 | 9/11/2017 |
| '622 Patent | IPR2017-02081 | 1, 2, 24-39 | 9/12/2017 |
| '622 Patent | IPR2017-02080 | 3-23 | 9/12/2017 |
| '000 Patent | IPR2017-01684 | 1-8, 12, 18-23 | 6/29/2017 |
| '194 Patent | IPR2017-01683 | 1-16 | 6/29/2017 |

If any of these 21 IPRs is instituted, the latest a final written decision would issue is April 2019.[1] The parties have not exchanged infringement contentions in all the present cases, but it appears that, collectively, the instituted and pending IPRs encompass each claim asserted against Kik.

## ARGUMENT

District courts have inherent power to manage their dockets by staying proceedings pending the conclusion of *inter partes* review. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) (Bryson, J., sitting by designation). Courts consider three factors when deciding whether the grant a stay pending IPR: (1) "[W]hether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set," (2) "whether the stay will likely result in simplifying the case before the court," and (3) "whether the stay will unduly prejudice the nonmoving party." *NFC Tech.*, 2015 WL 1069111, at *2.

"A stay is particularly justified when the outcome of a [PTAB] proceeding is likely to assist the court in determining patent validity." *Id*. at *1 (internal quotations omitted). As the Federal Circuit and this Court have acknowledged, "an auxiliary function [of the proceeding] is to free the court from any need to consider prior art without the benefit of the [PTAB]'s

---

[1] This assumes a maximum of three months for the patent owner's preliminary response, a maximum of three months for the PTAB to issue its decision on institution, and a maximum of 12 months to issue a final written decision for the most recently filed IPRs.

4

consideration." *Norman IP Holdings, LLC v. TP-Link Techs. Co.*, No. 6:13-cv-384, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014) (quoting *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985)).

Here, all three factors weigh in favor of a stay.

### 1. Given the Relatively Early Stage of the Case, Granting a Stay Will Increase Judicial Economy

The relatively early stage of this litigation supports granting a stay. Here, courts typically consider "whether discovery is complete and whether a trial date has been set." *Norman Holdings*, 2014 WL 5035718, at *3. The present cases have been pending for only half a year. A scheduling order has not been entered in any the -346 consolidated cases. The -481 consolidated cases are still approximately 8 months from the close of fact discovery, and trial is a year away, scheduled for December 3, 2018 (Dkt. No. 25 at 1). The parties are still exchanging the initial disclosures pursuant to the local rules. Therefore, this case is at a stage where granting a stay will conserve substantial party and Court resources. This factor thus weighs in favor of a stay.

### 2. The IPRs Will Simplify the Issues Before the Court

Simplification of the issues is "the most important factor bearing on whether to grant a stay." *NFC Tech.*, 2015 WL 1069111, at *4. Even if the PTAB does not cancel every single claim or institute any further IPRs, "either some portion of the litigation will fall away, or litigation will come to an end altogether" as a result of what has already been instituted. *Id*. Moreover, the PTAB's resolution of the instituted claims will develop the factual record related to validity issues, clarifying and narrowing any invalidity and claim construction issues that might remain to be determined by the Court. Uniloc may also make arguments or offer amendments during IPRs that may clarify or modify the scope of the claims, including the scope of the '000, '622, and '747 patents, for which no IPRs have yet been instituted. By staying the

5

case until the instituted and pending IPRs have been fully litigated by the PTAB, this Court can avail itself of the PTAB's "particular expertise." *Id*.

Further, these cases will be simplified by staying them in their entirety, even though an IPR has not yet been instituted against certain patents. The '622 and '747 are continuations from the '890 patent and the '194 is a continuation of the '000 patent. As continuations, they share a specification and many common terms with patents already undergoing review. For example, terms such as "packet-switched network," "instant voice message/messaging," and "audio file," appear in the asserted claims of the '622 and '747 patents and the claims of the '890 Patent that the PTAB will review. As such, the IPRs instituted against the '890 and '433 patents will inevitably develop the record and simplify issues as to the '622 and '747 patents as well.

Also, the '622 and '747 patents implicate the same set of witnesses as the other two patents. The inventor is the same for the '622, '890, '747, and '433 patents, and the '194 and '000 share the same inventor. The accused products are identical and, therefore, the same engineering, marketing, and financial witnesses will be called to testify. The very same Uniloc witnesses have been disclosed within each pair of consolidated cases. And, non-party witnesses, such as previous owners of the asserted patents and authors of prior art references and systems, will all be equally relevant for all patents. Staying the entire case, including the '622 and '747 patents, pending the resolution of the IPRs will be more efficient for these witnesses, eliminating the need for potentially having to go through essentially the same trial twice.

As the Court observed in *Samsung*, "even if the PTAB does not invalidate every claim on which it has instituted IPR, there is a significant likelihood that the outcome of the IPR proceedings will streamline the scope of this case to an appreciable extent." *See Samsung*, Dkt. No. 268 at 2-3. That is true here as well, and this factor weighs strongly in favor of a stay.

    **3.**    **Uniloc Will Not Suffer Any Undue Prejudice**

As an initial matter, a patentee such as Uniloc that "[can] be adequately compensated through a damages remedy" cannot show undue prejudice or clear tactical disadvantage from a stay. *See NFC Tech.*, 2015 WL 1069111, at \*5 (citing *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014)). Thus, this factor weighs in favor of a stay.

## **CONCLUSION**

A stay pending *inter partes* review will simplify the issues for trial in this court, and will increase judicial economy in light of the stage of these consolidated cases. Therefore, Kik respectfully requests the Court to vacate all deadlines and stay the consolidated cases pending the issuance of a final written decision or denial of institution decisions on all pending or instituted *inter partes* reviews.

Dated: December 14, 2017        Respectfully submitted,


By: */s/ Christopher C. Campbell*
 COOLEY LLP
 Christopher C. Campbell
 One Freedom Square – Reston Town Center
 11951 Freedom Drive
 Reston, Virginia 20190-5656
 Tel: 703 456-8000
 Fax: 703 456-8100
 ccampbell@cooley.com


 Michael C. Smith
 Texas Bar No. 18650410
 Siebman, Burg, Phillips & Smith, LLP
 113 East Austin Street
 Marshall, Texas 75670
 (903) 938-8900 office
 (972) 767-4620 fax
 michaelsmith@siebman.com

*Attorneys for Defendant Kik Interactive, Inc.*

**CERTIFICATE OF SERVICE**

I, Christopher C. Campbell, do hereby certify that on this 15th day of December, 2017, I caused a true and correct copy of the foregoing MOTION TO STAY PENDIND *INTER PARTES* REVIEW to be electronically filed with Clerk of the Court using CM/ECF which will send notification to all registered attorneys of record.

*/s/ Christopher C. Campbell*